Case 2:17-cv-00024 Document 6 Filed on 08/08/17 in TXSD Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
August 08, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| COLLINS O NYABWA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:17-CV-24 |
| § | |
| FACEBOOK, § | |
| § | |
| Defendant. § | |

# MEMORANDUM AND RECOMMENDATION
# TO DISMISS CASE

On January 18, 2017, Plaintiff Collins O. Nyabwa filed this civil rights action against Defendant Facebook,[1] alleging violations of his First Amendment, due process, and equal protection rights. Plaintiff has been granted leave to proceed *in forma pauperis*.

Summons in this case was issued January 19, 2017. Because it did not appear that summons was served on Facebook, the undersigned entered an Order on January 24, 2017 to remind Plaintiff that he must complete service of process within ninety (90) days. (D.E. 3). On June 13, 2017, after Plaintiff had failed to take any steps toward completing service of process, the undersigned directed Plaintiff to show cause within thirty (30) days why his complaint should not be dismissed without prejudice for failure to timely serve Facebook and for failure to comply with court orders. (D.E. 4).

---

[1] The formal name for Defendant as a private corporation is "Facebook, Inc." *See Forbes v. Facebook, Inc.*, No. 16 CV 404, 2016 WL 676396, at *2 (E.D. N.Y. Feb. 18, 2016).

On June 20, 2017, Plaintiff responded to the show cause order, contending that: (1) on January 22, 2017, he mailed two summons and a copy of the complaint via certified mail to Facebook; (2) mail records reflect that Facebook received the two summons and complaint on January 26, 2017; and (3) as of June 20, 2017, Facebook has not made an appearance in this case. (D.E. 5).

Notwithstanding whether Plaintiff has effected service on Facebook, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2) because he is proceeding *in forma pauperis*. Under this section, any action brought by a party proceeding *in forma pauperis* must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's § 1983 claims against Facebook be dismissed with prejudice for failure to state a claim for relief and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

## I. JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.     BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS.

Plaintiff has filed the instant civil rights action against Facebook. The following allegations were made in Plaintiff's complaint (D.E. 1).

On November 24, 2016, Plaintiff registered an internet domain name called "emolumentsclause.com." Plaintiff "intended his political website to become a hub of information regarding President [Donald] Trump's business conflicts of interest." (D.E. 1, ¶ 1).

On November 26, 2016, Plaintiff set up a Facebook account with the name, "Emoluments Clause." Plaintiff's Facebook page contains a link to his website and his cell phone number. While the Facebook page was operational, it received tremendous traffic, especially after Plaintiff posted a story about Dr. Jill Stein's appearance on Fox News Sunday with Chris Wallace. Due to its popularity, however, Plaintiff's Facebook page was placed "in the cross-hairs of "Free Speech Chillers" – Facebook Administrators and possibly their law enforcement counterpart." (D.E. 1, ¶ 15).

On Sunday, December 4, 2016, at 2:00 p.m., Facebook locked Plaintiff's account without warning and provided Plaintiff with the message: "For security reasons your account is temporarily locked." (D.E. 1, ¶ 16). Even after providing Facebook with a valid Texas Driver's License, Facebook continued to lock Plaintiff out of his Facebook page. According to Plaintiff, Facebook is "punishing Plaintiff because of the content of his political speech." (D.E. 1, p. ¶ 7).

Pursuant to § 1983, Plaintiff first claims that Facebook's conduct violates his First Amendment right to freedom of speech and association. Plaintiff contends that Facebook's punitive conduct taken against him infringes upon his protected political speech and prevents him from associating with his friends. Next, Plaintiff claims that his due process rights were violated in that he was not "given a fair chance to defend his actions before any punitive action was taken." (D.E. 1, ¶ 22). Lastly, Plaintiff claims that Facebook's conduct amounts to racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. Plaintiff seeks monetary damages in the amount of $10,000,000.00. (D.E. 1, ¶ 32).

### III. LEGAL STANDARD.

A court may dismiss a lawsuit for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

A court may also dismiss a lawsuit as frivolous. 28 U.S.C. 1915(e)(2)(B)(i). A complaint is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).

## IV.   DISCUSSION.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

As noted above, Facebook is a private corporation. *See Forbes*, 2016 WL 676396, at *2. Private entities such as Facebook are "not clothed with the authority to act on behalf of the state, and as such, [they are] not subject to suit under § 1983." *Reid v. Pope Benedict XVI*, No. CC-07-433, 2008 WL 179268, at *2 (S.D. Tex. Jan. 18, 2008) (citing *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004)) (recognizing that private individuals or citizens are not liable under § 1983 unless the plaintiff alleges and proves the existence of an agreement between private and public parties to commit an illegal act that results in the deprivation of constitutional rights).

Plaintiff alleges no facts in his complaint to suggest either the existence of an agreement between Facebook and a public party or a close nexus between Facebook and the state. *See Priester*, 354 F.3d at 420; *Forbes*, 2016 WL 676396, at *2. Plaintiff's § 1983 claims, therefore, are raised against a private entity rather than a state actor and are, therefore, not predicated on any state action. *See Sonnier v. Roman Catholic Diocese of*

*Lafayette*, No. 6:16-CV-1229, 2017 WL 778153, at *3 (W.D. La. Jan. 18, 2017). Because Plaintiff fails to allege a violation of a constitutional right by a state actor, Plaintiff's First Amendment, due process, and equal protection claims against Facebook are subject to dismissal for failing to state a plausible claim for relief and/or as frivolous.

## V.  CONCLUSION.

For the reasons stated above, it is respectfully recommended that Plaintiff's § 1983 claims against Facebook be dismissed with prejudice for failure to state a claim for relief and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

Respectfully submitted this 8th day of August, 2017.

*(signature)*
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).