IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| COLLINS O. NYABWA, <br> Plaintiff, <br> VS. <br><br> FACEBOOK, <br> Defendant. | § <br> § <br> § <br> §    CIVIL ACTION NO. 2:17-CV-24 <br> § <br> § <br> § |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

On August 8, 2017, United States Magistrate Judge B. Janice Ellington issued her "Memorandum and Recommendation" to dismiss Plaintiff's Complaint with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The parties were provided proper notice of, and opportunity to object to, the Magistrate Judge's Memorandum and Recommendation. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The Court received Nyabwa's Objections (D.E. 7) on September 25, 2017, more than 30 days after the deadline to file objections.

When no timely objection to a magistrate judge's memorandum and recommendation is filed, the district court need only satisfy itself that there is no clear error on the face of the record and accept the magistrate judge's Memorandum and Recommendation. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996)). A district court is not required to consider late objections to a Report and Recommendation, whether to do so is a matter within the court's discretion. *Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Scott v. Alford*, 62 F.3d 395, *2 (5th Cir. 1995) (per curiam)(unpublished).

Nyabwa objects to the Memorandum and Recommendation on the grounds that his Complaint was based upon diversity jurisdiction, not on 42 U.S.C. § 1983.[1] He further contends that his First Amendment retaliation and his racial discrimination claims are cognizable under Texas tort law and are thus "plausible." Although Nyabwa invoked the diversity jurisdiction of this Court, he has not pleaded facts that support a recognized cause of action in Texas tort law or that invoke the protections of § 1983.

"The First Amendment prohibits Congress and other government entities and actors from 'abridging the freedom of speech.'" *Matal v. Tam*, 137 S.Ct. 1744, 1757 (2017) (quoting *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 467 (2009). Although the Court recognized in *Packingham v. North Carolina*, 137 S.Ct. 1730, that social media sites like FaceBook and Twitter have become the equivalent of a public forum for sharing ideas and commentary, the Court did not declare a cause of action against a private entity such as FaceBook for a violation of the free speech rights protected by the First Amendment. Rather the *Packingham* Court struck down a *state* regulation that limited the right of speech for sex offenders on such platforms. *Id.* at 1738. Because the First Amendment governs only governmental restrictions on speech, Nyabwa has not stated a cause of action against FaceBook. *See Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 316 (5th Cir. 2011) (dismissing claim against City of Dallas after finding that private corporation ran state fair on leased public property and private entity denied plaintiff permission to distribute religious literature during fair.)

---

[1] The cover sheet for Nyabwa's Complaint states: "42 U.S.C. § 1983 Complaint and Brief in Support Thereof."

2

Nyabwa also claims a violation of his free association and due process rights. The right to due process secured by the Constitution has a procedural and substantive Component. "The substantive component 'prevents the government from engaging in conduct that 'shocks the conscience' or interferes with rights 'implicit in the concept of ordered liberty.'" The procedural component ensures that any government action is "implemented in a fair manner." *Hernandez v. United States*, 757 F.3d 249, 267 (5th Cir. 2014) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)).

"Freedom of association" takes on two forms. "a right to associate for the purpose of engaging in those activities protected by the First Amendment--speech, assembly, petition for the redress of grievances, and the exercise of religion." *Roberts v. United States Jaycees*, 468 U.S. 609, 618 (1984). Second, there is a certain right of "intimate association." *Id.* Nyabwa's Complaint implicates the first of these and is protected from governmental interference.

Like his free speech claims, Nyabwa's claims for violation of his right of association and violation of his due process rights are claims that may be vindicated against *governmental* actors pursuant to § 1983, but not a private entity such as FaceBook. "[T]he Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982) (affirming dismissal of employees' claims that their discharge by private employer did not comport with due process.)

As to Nyabwa's claim of racial discrimination, he has not stated a plausible claim that FaceBook's actions were based upon race. Until Nyabwa furnished his driver's license, *after* his page was blocked, he does not plead any facts that would permit the conclusion that FaceBook knew his racial identity. Furthermore, Plaintiff's statements that FaceBook and other social media companies are increasingly working with law enforcement and that security concerns are more often directed against ethnic minorities are too conclusory to give rise to a plausible claim that FaceBook's actions were motivated by racial animus.

The Court **OVERRULES** Nyabwa's objections. The Court reviewed the findings of fact and conclusions of law set forth in the Magistrate Judge's Memorandum and Recommendation (D.E. 19) and all other relevant documents in the record, and finding no clear error, the Court **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, the Court **DISMISSES** Plaintiff's Original Complaint (D.E. 1) with prejudice.

It is so ORDERED this 26 day of Jan, 2018.

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE